IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


LINDA S. SLAUGHTER,                       §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §            2:03-CV-0078
                                          §
JO ANNE BARNHART,                         §
Commissioner of Social Security,          §
                                          §
        Defendant.                        §


## REPORT AND RECOMMENDATION

Plaintiff LINDA S. SLAUGHTER, brings this cause of action pursuant to 42 U.S.C.

§ 405(g), seeking review of a final decision of defendant JO ANNE BARNHART,

Commissioner of Social Security (Commissioner), denying plaintiff's application for a term of

disability, and disability benefits.  Both parties have filed briefs in this cause. For the reasons

hereinafter expressed, the undersigned United States Magistrate Judge recommends the

Commissioner's decision finding plaintiff not disabled and not entitled to benefits be

AFFIRMED.


I.
THE RECORD

Plaintiff applied for Disability Insurance Benefits (DIB) under Title II of the Social

Security Act on February 28, 2001 and  Supplemental Security Income (SSI) benefits under Title

XVI of the Social Security Act on February 22, 2001 with an alleged onset date of August 28,

2000.  (Transcript [hereinafter Tr.] 13, 27, 47).  Plaintiff claims to have impairments including "essential hypertension" and "sprains and strains, all types."  (Tr. 27).  More specifically, plaintiff avers she has knee pain in both knees, back pain, blurry vision, high blood pressure and tingling in her arms and hands.  (Tr. at 93).  It was determined at the administrative level that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 16). Plaintiff was born November 28, 1949, received her GED and completed two years of college. (Tr. 61).  Plaintiff's past relevant work includes positions as a photographer, a receptionist and a private home healthcare giver.  (Plaintiff's Brief at 2).

Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on July 15, 2002.  (Tr. 262-274).  On August 14, 2002, ALJ Gary L. Vanderhoof rendered an unfavorable decision, finding plaintiff not entitled to benefits at any time relevant to the decision.  (Tr. 13-17).  The ALJ determined plaintiff, "has the residual functional capacity to perform the full range of sedentary work."  (Tr. 17, Finding #7).  Further, the ALJ determined, "The claimant's past relevant work as [a] receptionist did not require the performance of work-related activities precluded by her residual functional capacity."  (Tr. 17, Finding #8).  On January 24, 2003, the Appeals Council denied plaintiff's request for review of the decision of the ALJ (Tr. 6-8), rendering the ALJ's decision the final decision of the defendant Commissioner.  Plaintiff now seeks judicial review.

On June 1, 2004, plaintiff informed the Court that she re-applied for social security benefits, both DIB and SSI, and that such applications were approved by the Social Security Administration on April 2, 2004 with a disability onset date of April 1, 2003.  Therefore, the period at issue herein is a closed period dating from August 28, 2000 to March 31, 2003.

II.
STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989).  To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94(5th Cir. 1972)).  If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence warrants a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980).  Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164.  Stated differently, the level of review is not *de novo*.  The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue.  The ALJ did not, and the case comes to federal court with review being limited to whether there was substantial evidence to support the ALJ decision.

III.

ISSUES

The ALJ made the determination that plaintiff is not disabled at Step Four of the five-step sequential analysis. Therefore, this Court is limited to reviewing only whether there was substantial evidence in the record as a whole supporting a finding that plaintiff retained the ability to perform her past relevant work as a receptionist, and whether the proper legal standards were applied in reaching this decision. To this extent, plaintiff presents the following issues:

1.    Whether the ALJ erred at Step 2 when he concluded plaintiff's depression was not a severe impairment;

2.    Whether the ALJ erred at Step 4 when he concluded that plaintiff could return to her past relevant work as a receptionist; and

3.    Whether the ALJ applied an erroneous legal standard in assessing plaintiff's credibility and whether he failed to fully develop the record.

IV.

MERITS

A.

Plaintiff's Depression

Plaintiff first complains the ALJ erred at Step 2 when he concluded plaintiff's depression was not a severe impairment. When she completed her Disability Report - Adult, on February 28, 2001, plaintiff did not allege that she suffered from a mental impairment. (Tr. 55). In a "Daily Activity Questionnaire" completed May 10, 2001, plaintiff specifically denied any mental or emotional problems that limit what she is able to do. (Tr. 84). In a "Pre-Hearing Brief" received by the ALJ at the hearing, petitioner advocated a finding of disabled based upon "Listing 1.04 - Disorders of the Spine." (Tr. 113). Finally, at the administrative hearing,

plaintiff never indicated, when asked about her medical problems, that she suffered any type of mental impairment.

As articulated by defendant, a plaintiff alleging a medically determinable mental impairment, carries the burden of proof that such mental impairment has prevented her from engaging in any substantial activity for at least twelve (12) consecutive months.  (Defendant's Brief at 3 citing 42 U.S.C. §§ 423 and 1381a).  Plaintiff agrees with defendant's position that she failed to apply for benefits based upon a mental impairment.  (Plaintiff's Brief at 4).  However, plaintiff contends the ALJ should have been on notice of such impairment due to the "substantial evidence of record."  (*Id.*).

Plaintiff first directs the Court to a notation made by a Social Security Administration worker on November 15, 2001 indicating the worker's belief that plaintiff was unstable and suffered from mental problems.  (Tr. 110).  Plaintiff further directs the Court to medical records dated July 31, 2001 (Tr. 142) and August 20, 2001 (Tr. 133, 135) in which notations of depression were made and medication prescribed.[1]  The July 31, 2001 medical records read, "She is very depressed at this time + [and] complained she has anxiety + [and] depression + [and] still has various complaints that have no foundation for them."  (Tr. 142).  The entire entry for July 31, 2001 addresses plaintiff's complaints of anxiety and depression and indicates the TPMHA was contacted to call upon plaintiff to see if they could be of any assistance to her.[2] (*Id.*)  Plaintiff next refers to records dated August 22, 2001 wherein the notation indicates

---

[1]In the record related to the August 20, 2001 notes, depression is recorded as a complaint and it appears medication was prescribed but such medication is illegible on the xerox  copy provided to the Court.  (Tr. 135).

[2]Although not entirely clear, it appears the TPMHA refers to some sort of local mental health agency possibly the Texas Panhandle Mental Health Agency.

plaintiff was again complaining of anxiety attacks.  (Tr. 156-158).  While those references are

accurate, the medical records also note that plaintiff's mental status, both neurological and

psychiatric, were normal.  (Tr. 158).  Finally, plaintiff refers to the records of October 4, 2001

wherein the notes reflect plaintiff had, "multiple somatic complaints."  (Tr. 146).[3]  "Somatic" is

defined *Dorland's Illustrated Medical Dictionary* (29th ed. 2000) as "Pertaining to or

characteristic of the soma or body."  Thus, such notation appears to refer to plaintiff's multiple

complaints about plaintiff's bodily aches and pains and not to any mental impairment.

The medical records referred to by plaintiff as supportive of her mental impairment date

from July 31, 2001 to October 4, 2001, just over a two (2) month period.[4]  As argued by

defendant, "The Fifth Circuit has held that a claimant seeking disability benefits on the basis of a

mental impairment must present medical evidence which indicates that the mental condition is a

long-term problem and not just a temporary setback."  (Plaintiff's Brief at 5 citing *Singletary v.

Bowen*, 798 F.2d 818, 822 (5th Cir. 1986) and *Johnson v. Bowen*, 864 F.2d 340, 346 (5th Cir.

1988)(holding claimant's depression did not meet the durational requirements because it

interrupted her ability to work for only a brief period of time, and she responded to treatment

within twelve months.)).  Further, it appears the ALJ did consider the issue of plaintiff's

depression.  The ALJ stated,

> There is some mention on the medical record of the claimant's depression.
> However, the claimant's depression has not imposed significant limitations on her
> ability to function.  She has not received any ongoing treatment or counseling for

---

[3]The record is very hard to read due to the handwriting of the medical personnel who made the notation.

[4]As discussed *infra*, a review of the entire record shows entries related to depression or lack thereof, date from April 2001 to February 2002.

depression.  She has not been prescribed anti-depressive medications.[5]  The claimant does not even allege that she is disabled due to depression.  Thus, I find that the claimant's depression is not a "severe" impairment as defined in the Social Security Act (Exhibit 1E).[6]

(Tr. 15).  The analysis by the ALJ was legally sufficient.  As the administrative fact finder he acknowledged the references to depression in plaintiff's records, considered such references and found a non-severe impairment.  This Court is not permitted to overturn that determination unless there is sufficient evidence in the record to render the ALJ finding reversible.  There is not, and the ALJ's finding must be affirmed.

B.

Plaintiff's Past Relevant Work

Plaintiff next presents the issue of whether the ALJ erred at Step 4 when he concluded that plaintiff could return to her past relevant work as a receptionist.  Plaintiff first argues the ALJ erred in his residual functional capacity (RFC) determination because he failed to assess the impact of her mental impairment on such RFC.  As discussed above, plaintiff's alleged mental impairment was not severe and did not impose significant limitations on her ability to perform work.  The ALJ made this exact determination, (Tr. 15) *i.e.* he did consider plaintiff's mental limitations but found they had an insignificant effect on plaintiff's RFC.  The record supports such a finding.

Plaintiff next argues the ALJ failed to compare plaintiff's RFC with the physical and mental demands of her past relevant work as a receptionist when determining whether she could return to that job.  (Plaintiff's Brief at 7).  As articulated by defendant,

---

[5]As discussed above, the medical records do indicate plaintiff was prescribed some medication for depression.

[6]Exhibit 1E is the Disability Report - Adult dated February 28, 2001.

> Although the ALJ did not specifically do a function by function analysis of Plaintiff's past relevant work, the ALJ did consider the demands of Plaintiff's past relevant work. (Tr. 16). The ALJ specifically referred to Plaintiff's Work History, which clearly shows that Plaintiff's job as a receptionist only required her to type forms, and answer the phone. In addition, she stated that she only had to walk two hours a day, stand one hour, and she would sit six to seven hours a day. Further Plaintiff stated that she would handle, grab, or grasp big objects up to three hours a day, and write, type or handle small objects up to four hours a day. Plaintiff also stated that she lifted less than ten pounds as a receptionist. (Tr. 66) The ALJ's RFC analysis was clearly in line with that of Dr. Dennis Plummer, who stated that Plaintiff could perform moderate sitting and walking, standing for short periods of time, light lifting, and handling objects with good fine finger control. (Tr. 124).

(Defendant's Brief at 6-7). Defendant's analysis is correct. To the extent plaintiff contends a more particularized inquiry was required pursuant to *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) because plaintiff suffered from a mental impairment, such claim is without merit. As previously discussed, the record supports the ALJ's determination that while plaintiff may have been treated for depression, such was during a short period of time and did not impose significant limitations on her ability to function. (Tr. 15). In determining whether substantial evidence in the record exists to support the determination made by the ALJ, the Court must look, not at isolated entries in the medical records, but must look at the medical record as a whole. When viewing the entire medical record as a whole, sufficient medical evidence of record exists to support the ALJ's determination on the issue of mental impairment *i.e.* that there was none. It is irrelevant, for purposes of this appeal, whether there is also evidence in the record which would have allowed the ALJ to reach a different determination. This Court may not substitute its judgment for the ALJ so long as there is substantial evidence in the record to support the ALJ's determination. The ALJ was within his authority and his role as the fact finder in making the determinations he did. It cannot be said the ALJ failed to consider the medical records or

that he was required to perform a more in depth inquiry as to what effect any mental impairment had on plaintiff's RFC.  Plaintiff has not shown how a more detailed analysis of her job duties or how a more particularized function by function analysis would have benefitted plaintiff. Plaintiff's claim on this ground is without merit.

C.
The ALJ's Credibility Analysis

Finally, plaintiff contends the ALJ erred because he used an erroneous legal standard in making his credibility analysis.  (Plaintiff's Brief at 8).  As previously discussed, the records identified by plaintiff are not so inconsistent with the findings of the ALJ as to require reversal. Plaintiff argues that the ALJ failed to consider plaintiff's alleged mental impairment and takes issue with the fact the ALJ, "asked not one question about the issue of a mental impairment, although there is documentation by treating doctors in the file regarding this issue."  (Plaintiff's Brief at 9).  While there is evidence in the record that plaintiff suffered from depression, (Tr. 133-135, 142, 158, 171-172, 186) such instances occur over the limited time period dating from April 2001 to February 2002.   Additionally, there are also medical notations supporting the position that plaintiff's mental faculties were "normal" and that depression was "absent."  Such notations date from May 2001 to March 2002.  (Tr. 156-158, 163-164, 166-167, 198).  It cannot be said the ALJ was remiss in his duties to fully evaluate the evidence of record.  While there are indeed entries of depression and/or anxiety there are also entries to the contrary.  Further, although plaintiff references entries regarding "somatic complaints," there is nothing to indicate such entries are of any significance over and above medical entries previously discussed in this Report and Recommendation.  Plaintiff has failed to meet her burden and this claim must also fail.

V.
RECOMMENDATION

THEREFORE, for all of the reasons set forth above, it is the opinion and

recommendation of the undersigned to the United States District Judge that the decision of the

defendant Commissioner be AFFIRMED.

VI.
INSTRUCTIONS FOR SERVICE

The District Clerk is directed to send a copy of this Report and Recommendation to

plaintiff's attorney of record and to the Assistant United States Attorney by the most efficient

means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of January 2006.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In
the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing
objections is eleven (11) days from the date of filing as indicated by the file mark on the first
page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the
parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any
objections must be filed **on or before the fourteenth (14th) day after this recommendation is
filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as
authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern
District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the
Report and Recommendation."  Objecting parties shall file the written objections with the United
States District Clerk and serve a copy of such objections on all other parties.  A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).